IMPERIAL KOSHER CATERING COMPANY v THE TRAVELERS
INDEMNITY COMPANY
COVINGTON MUTUAL INSURANCE COMPANY v IMPERIAL
KOSHER CATERING COMPANY

1. PLEADING—AMENDMENTS—COURT RULES—SUBSTANTIAL RIGHTS—
   JUSTICE—MOTIONS—SUBSTANTIAL JUSTICE.

   The court rules are to be construed to avoid the consequences of
   any error or defect which does not affect the substantial rights
   of the parties to an action, and leave to amend pleadings shall
   be freely given when justice so requires; therefore, a motion by
   parties to have their names deleted from an action in which
   they were mistakenly listed as plaintiffs should have been
   granted, where failure to do so denied them substantial justice
   (GCR 1963, 13, 118.1, 529.1).

2. APPEAL AND ERROR—COSTS—PREVAILING PARTY—MISTAKE.

   The Court of Appeals awards no costs to a prevailing party on
   appeal where the necessity of the appeal was caused by the
   mistake of that party (MCLA 600.2445[1]).

Appeals from Wayne, James Montante and
Frederick C. Ziem, JJ. Submitted June 16, 1975, at
Detroit. (Docket Nos. 20402, 20101.) Decided Octo-
ber 13, 1975.

Complaint by Covington Mutual Insurance Com-
pany, Transit Casualty Insurance Company, Trav-
elers Indemnity Company, Excelsior Mutual Fire
Insurance Company, Illinois, and Republic-Frank-
lin Insurance Company of Ohio against Imperial
Kosher Catering Company, Lawrence H. Horowitz

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 305–307.
   Amendment of pleadings to assert statute of limitations. 59 ALR2d
   169.
[2] 5 Am Jur 2d, Appeal and Error § 570.

and William B. Kozin to recover insurance proceeds paid pursuant to insurance contracts. Judgment for defendants. Plaintiffs appeal.

Complaint by Imperial Kosher Catering Company against The Traveler's Indemnity Company, Transit Casualty Company, Covington Mutual Insurance Company and Insurance Company of North America to compel additional payments under insurance contracts. Motions by defendants for accelerated judgment denied and partial summary judgment granted to plaintiff. Defendants appeal.

Cases consolidated on appeal. Judgment for defendants Imperial Kosher Catering Company, Lawrence H. Horowitz, and William K. Kozin corrected by deleting Covington, Transit, and Travelers insurance companies as parties plaintiff in one case. Order denying defendants' motion for accelerated judgment and granting plaintiffs' motion for partial summary judgment reversed and that case remanded for further consideration.

*Davies, Rudzki & Zeder* (by *Richard W. Kochansky)* for appellants insurance companies.

*Morris H. Berris* and *John D. O'Connell* for appellees Imperial Kosher Catering Company, Horowitz, and Kozin.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

QUINN, J. By order of the Court, these cases were consolidated for argument and submission on appeal. For brevity and to avoid confusion, we hereinafter refer to our file No. 20402 as the first case and to our file No. 20101 as the second case.

The appeal in the second case is from the order of the trial court which denied the motions of Covington, Transit and Travelers to strike them as parties plaintiff in that action. The appeal in the first case, heard by a different trial judge, is from an order which denied defendants Covington, Transit and Travelers' motion for accelerated judgment and granted Imperial Kosher's motion for partial summary judgment as to these same insurance companies.

Imperial Kosher leased two buildings that were damaged by fire March 27, 1967. Covington, Transit, Travelers, and North American had insured the contents of these buildings and the insurance contracts also contained business interruption insurance. March 5, 1968, Imperial Kosher filed an action against these four insurers to enforce the insurance contracts. This is the first case.

November 27, 1968, Horowitz and Kozin, the sole stockholders and officers of Imperial Kosher, were convicted of arson with respect to the fire of March 27, 1967. Their conviction was affirmed in *People v Horowitz,* 37 Mich App 151; 194 NW2d 375 (1971).

April 3, 1969, the second case was filed by the insurance companies named in the caption of our file No. 20101 as subrogees of the owners of the buildings leased by Imperial Kosher. This action was to recover from Imperial Kosher, Horowitz and Kozin the sums paid to plaintiffs' subrogors pursuant to the insurance contracts. The theory of this action was that defendants had set, or procured the setting, of the fire in question.

The second case was tried first by the judge without a jury. It resulted in a judgment of no cause of action. Judgment was entered July 6, 1972. By mistake, Covington, Transit and Travel-

ers were included as parties plaintiff in this action without their knowledge or consent.

Defendants filed their answer in the first case March 27, 1968. It contained an affirmative defense that plaintiffs had set, or procured to be set, the fire which caused the damage to the insured property. May 24, 1972, defendants filed a motion for accelerated judgment alleging the conviction of Horowitz and Kozin of arson and that that conviction precluded plaintiffs from challenging defendants' affirmative defense. September 8, 1972, plaintiffs answered this motion by asserting, among other things, that the judgment of July 6, 1972, in the second case barred defendants from relitigating the arson issue. Plaintiffs filed a motion for partial summary judgment on December 15, 1972. September 13, 1973, defendants answered the motion for partial summary judgment alleging that they were mistakenly named as plaintiffs in the second case; that they did not insure the buildings involved and that the second case only involved loss to the buildings.

October 30, 1972, Covington, Transit and Travelers moved the court in the second case to strike them as parties plaintiff in that action. This motion was denied November 30, 1972. Although not reflected in the lower court file, Covington, Transit and Travelers apparently filed a second motion to have their names deleted from the action. This motion was denied January 17, 1973 and these plaintiffs appeal from that denial.

March 28, 1974, the trial judge in the first case denied defendants' motion for accelerated judgment and granted plaintiffs' motion for partial summary judgment on the basis that the no cause of action judgment in the second case barred Covington, Transit and Travelers from relitigating the

arson issue in the first case. Defendants appeal from that order.

A basic concept behind GCR 1963, is that the rules are to be construed so as to avoid the consequences of any error or defect which does not affect the substantial rights of the parties, GCR 1963, 13. This concept is reiterated in GCR 1963, 118.1 which provides that leave to amend pleadings "shall be freely given when justice so requires". Again in GCR 1963, 529.1, the limitation in the harmless error rule is stated "unless refusal to take such action appears to the court inconsistent with substantial justice".

In the cases before us, the action of the trial court which denied Covington, Transit and Travelers their requested removal as parties plaintiff in the second case results in the plaintiffs in the first case profiting from their own arson. This, to us, bears no resemblance to substantial justice nor can we find any substantial right of Imperial Kosher, Horowitz and Kozin to profit from their own wrong-doing. GCR 1963, 528 should have been applied in this instance and the judgment in the second case should have been corrected by deleting Covington, Transit and Travelers as parties plaintiff in that action.

We find nothing in the arguments of Imperial Kosher, Horowitz and Kozin against such a result which persuade us otherwise.

Pursuant to GCR 1963, 820.1(7), the judgment in the second case is corrected by deleting Covington, Transit and Travelers as parties plaintiff. The order in the first case which denied defendants' motion for accelerated judgment and granted plaintiff's motion for partial summary judgment is reversed, and that case is remanded for further consideration.

The records establish that the mistake by which Covington, Transit and Travelers were joined as parties plaintiff in the second case was due to the negligence of their counsel in drafting the complaint. The failure to discover this error for over three years was partly the fault of these companies. The mistake caused the result below and necessitated this appeal. Normally, the prevailing parties on appeal are entitled to costs, but an appeal caused by the mistake of the prevailing parties is not normal. Under authority of MCLA 600.2445(1); MSA 27A.2445(1), no costs are awarded.